MCDONALD, J.
1 gThis is an appeal from a judgment sustaining a motion for summary judgment and dismissing the plaintiffs claims against the defendant.
FACTUAL AND PROCEDURAL BACKGÍROUND
The plaintiff, Vicky Henry, filed suit individually and on behalf of her minor daughter, Madison Henry, asserting that on September 15, 2012, the two attended a wedding reception at Gabriel’s House of Events (Gabriel’s House) in St. Gabriel, Louisiana where her daughter was injured. Ms. Henry asserted that Madison was walking along the top of a two-foot brick wall when she put her hand upon a brick- and-concrete column and the column fell, landing on her left foot and causing injury.
The petition named as defendants Gabriel’s House and its insurer, Scottsdale Insurance Company. Gabriel’s House was owned and operated by Aimee Ramirez Hebert. Ms. Hebert’s father, Don Ramirez, helped her at Gabriel’s House when he wasn’t working at his job as a pharmacist.
Madison suffered a fracture of the left foot and torn ligaments in her left leg from the incident. Ms. Henry, maintained that the accident was caused by the negligence and fault of Gabriel’s House in: creating a hazardous condition; having knowledge of the dangerous condition and failing to remedy it; allowing an unreasonably dangerous condition to remain for an unreasonable period of time; failing to take reasonable measures to prevent accidents; failing to rope off the area or provide *119 adequate warnings; failing to act reasonably under the circumstances; and other acts of fault or negligence to be shown at trial.
Ms. Henry maintained that Madison suffered past, present,.and future damages, including: permanent damage to her left foot and ligaments in her left leg from the accident; physical pain and suffering; disfigurement; mental anguish and emotional distress; loss of enjoyment of life; and medical and related expenses. |sMs. Henry asserted that she personally also suffered past, present, and future damages from the incident, including: pain and suffering; mental anguish and emotional distress; loss of enjoyment of life; lost wages; related expenses; and inconvenience.
The defendants answered the petition, asserting that there was no vice or defect in the premises; Ms. Henry was not entitled. to recover, as she was not injured in the incident; and further, that the plaintiff had failed to mitigate damages. The defendants averred that the sole and proximate cause of the accident was the contributory negligence of the plaintiff, in particular, climbing on a wall that was not intended for climbing; failing to take due care for her own health and safety; acting irresponsibly and recklessly; failing to supervise a minor child; and all acts of negligence that might be proven at the trial.
The . defendants filed a motion for summary judgment, asserting that there was no genuine issue of material fact that Gabriel’s House did not know and could not have known of the alleged defect in the wall’s construction. They maintained that the wall was built by Larry Johnson, a commercial mason and contractor, who was deceased. They further maintained that Mr. Ramirez helped out at Gabriel’s House, but was not an employee, and that he acted as a “gopher” for Mr. Johnson, but did not help with the composition or construction of the wall.
After a hearing, the trial court granted the defendants’ motion for summary judg-meñt, finding no genuine issue of material fact that Mr. Ramirez was not an employee or a servant of Gabriel’s House; and further, finding there was no genuine issue of material fact that the defendants had no actual or constructive knowledge of the alleged defective condition of the wall. By judgment dated October 15, 2015, Gabriel’s House and Scottsdale Insurance Company were dismissed from the suit with prejudice.
^ASSIGNMENTS OF ERROR
Ms. Henry appealed that judgment and makes the following assignments of error.
1. The trial court erred by holding Don Ramirez, who drafted the plans and ■ oversaw the construction of the concrete columns and wall which inr jured Madison Henry, was not an employee and/or servant of Gabriel’s House of Events, LLC.
2. The trial court erred by holding Ga- . briefs House of Events, LLC did not have actual or constructive knowledge of the defective and unreasonably dangerous condition of the subject column.
STANDARD OF REVIEW
Summary judgments are reviewed on appeal de novo. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of matérial. fact, and whether the mover-appellant is entitled to judgment as a matter of law. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750.
*120 If the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require him to negate all essential elements of the adversé party’s claim, action, or defense, but rather to point out to the court the absence of factual support for one or moré elements essential to the adverse party’s claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence' of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966DC1).[1]
ASSIGNMENT OF ERROR NO. 1
In this assignment of error, the plaintiff asserts that the trial court erred by holding that Mr. Ramirez was not an employee or servant of Gabriel’s House. The | [¡plaintiff maintains that Mr. Ramirez was intimately involved in the operation of Gabriel’s House even though he was not compensated. - v '
Masters and employers are answerable for the damage caused by their servants and overseers, in the exercise of the functions in which they are employed. La. C.C. art. 2320. A servant is a person employed to perform services in the affairs of another and who with respect to the physical conduct in the performance of the services is subject to the other’s control or right to control. Ermert v. Hartford Ins. Co., 559 So.2d 467, 476 (La.1990). In contrast, a non-servant agent contributes to the business of his employer, but he is not such a part of it that his physical acts and the time to. be devoted to the business are subject to control. Blanchard v. Ogima, 253 La. 34, 215 So.2d 902, 907 (1968).
Ms. Henry cites Whetstone v. Dixon, 616 So.2d 764 (La.App. 1 Cir.), writs denied, 623 So.2d 1333 (La.1993), in support of her case. In Whetstone, an unpaid deacon of a church, who sat on the Board of Deacons, was at fault in a motor vehicle accident. The deacon was on the way to pick up materials for a remodeling project at the church. The trial court found that the church was not vicariously liable for the deacon’s tortious conduct. On appeal, this court reversed, finding that the deacon was more than just a casual volunteer and that he held an important leadership position in the church. Thus, this court held that the church was vicariously liable for the deacon’s action as a servant of the church. Whetstone, 616 So.2d at 771-72.
Factors to consider in determining whether a'master-servant relationship exists include: uncompensated performer; status within the organization; specific mission; intense relationship; control; role of the organization in conferring authority and exercising control; and direct benefit to the organization. Whetstone, 616 So.2d at 770.
In the present case, Mr. Ramirez was a pharmacist who helped out his | fidaughter at Gabriel’s House almost daily as a volunteer. He came and went to Gabriel’s House as he wished, mowed the grass, and helped out at events. Gabriel’s House had ho authority or control over Mr. Ramirez, and he had no particular status or authority in the organization. Thus, we find that this ease differs from Whetstone, where the deacon was a leader in the church and was in a position of authority at the church.
*121 After a de novo review, we find no genuine issue of material fact that Mr. Ramirez was not an . employee or servant of Gabriel’s House. This assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 2
In this assignment of error,, Ms. Henry asserts that the trial court erred by holding that Gabriel’s House did not have actual or constructive knowledge of the defective and unreasonably dangerous condition of the column.
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the "ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. La. C.C. art. 2317.1. In order to recover under La. C.C. art. 2317.1, the appellant has the burden of proving the defendant had actual or constructive knowledge of the risk. See Vinccinelli v. Musso, 2001-0557 (La.App. 1 Cir. 2/27/02), 818 So.2d 163, 165, writ denied, 2002-0961 (La.6/7/02), 818 So.2d 767.
Ms. Henry cites Dufrene v. Gautreau Family, LLC, 2007-467 and 2207-547 (La.App. 5 Cir. 2/22/08), 980 So.2d 68, writs denied, 2008-0628 (La.5/9/08), 980 So.2d 698 & 2008-0629 (La.5/9/08), 980 So.2d 694, for the concept of constructive knowledge imposing a reasonable duty to discover apparent defects in things under a defendant’s garde. In that case, thé plaintiff fell down stairs in a 17mall and was injured. She sued the property owners, their insurer, and the property management company. In Dufrene, there was a large gap between the last stair and the floor. The jury found that , the defendants had actual or constructive knowledge of the defect, and on appeal, the court found no manifest error in that determination. The facts differ in the Dufrene case from the present ease, as the stairs had been in the same condition for four or five years, the stairs had previously been worked on, and the stairs had been recently inspected prior to plaintiffs fall. Dufrene, 980 So.2d at 80.
Ms. Henry also cites Crooks v. Southwest Louisiana Hospital Assoc., 2012-157 (La.App. 3 Cir. 8/8/12), 97 So.3d 671, writ denied, 2012-1982 (La.11/21/12), 102 So.3d 58. In that case, the plaintiff fell through a hospital guest bed, injured her back, and sued the hospital for damages. The appellate court found that the hospital should have known of the defective .condition of the hospital guest bed even though the beds had never been examined, because a reasonable .inspection of the beds would have led to discovery of the defect, which was a lack of springs. Crooks, 97 So.3d at 678-70. In the present case, an inspection of the wall and column would not have revealed the inside construction of the column.
Further, while Ms. Henry suggests that Mr. Ramirez designed"-the wall, and thus had knowledge of the defect, the evidence shows that Mr. Ramirez merely made a sketch of a wall that Ms. Hebert liked. The actual design and construction of the wall was undertaken by an ’ independent contractor stone m'ason, Mr. Johnson. While , the wall was being constructed, Mr. Ramirez merely acted as a “gopher” for Mr. Johnson. While Ms. Henry maintains that the column at issue was defective because it should have contained rebar and that Mr. Ramirez should have known the column was defective because he acted as a “gopher” to Mr. Johnson, Mr. Johnson designed and built the wall, and there was no evidence that Neither Mr. Ramirez or Ms. Hebert knew about any defect in'the wall, nor was there evidence to impute *122 knowledge of a defect in the wall to Gabriel’s House.
Therefore, after a de novo review, we find no genuine issue of material fact that Gabriel’s House did not' have actual or constructive knowledge that the column was defective and unreasonably dangerous. This assignment of error has no merit.
CONCLUSION
For the foregoing reasons, the trial court’s judgment dated October 15, 2015, dismissing the suit filed by Vicky Henry, individually and on behalf of her minor daughter, Madison Henry, against ’ Gabriel’s House of Events and Scottsdale Insurance Company, is affirmed. Costs' of this appeal are assessed against the plaintiff, Vicky Henry.
AFFIRMED.
THERIOT, J., concurs.
McCLENDON, J., concurs with the result reached by the majority.

. Louisiana Code of Civil Procedure article 966 was amended by Acts 2015, No. 422, § 1, effective January 1, 2016.